## MARTIN L. SMITH *vs.* NATHAN MERRILL & others.

Permitting a defendant, after the commencement of the plaintiff's closing argument, to introduce evidence to explain entries then first pointed out by the plaintiff in books previously put into the case by the defendant, is no ground of exception.

In an action by the assignee of an insolvent debtor under *Sts.* 1838, *c.* 163, and 1841, *c.* 124, to recover the value of goods conveyed away by the debtor, the plaintiff has no ground of exception to instructions that he must prove that the debtor, at the time of making the sale, was in fact insolvent, and in fact intended to prefer the defendant as a preëxisting creditor; and that if he made the sale in good faith, and with the intent solely to procure means for the prosecution of his business, and with no intent to prefer a preëxisting creditor, the sale would not be invalidated by the fact that part of the consideration of the sale was a credit on a previous debt from him to the purchaser.

ACTION OF TORT by the assignee of insolvent debtors to recover the value of goods alleged to have been sold by the debtors in fraud of the insolvent laws.  Trial before *Merrick,* J., and verdict for the defendant.  The plaintiff alleged exceptions to the following rulings and instructions :

Smith *v.* Merrill & others.

One of the defendants, who kept their books, testified in their behalf; and among other things stated that a certain writing was a correct transcript from the books (which were then in court) of the account between the defendants and the debtor. The plaintiff's counsel, after the close of the defendants' case, asked their counsel whether the books were in the case; to which he responded affirmatively; but no part of the books was then read or particularly referred to.

In the course of his argument to the jury, the plaintiff's counsel referred to other portions of the books of the defendants besides that transcribed as aforesaid, and contended that they exhibited evidences of fraud, and had been tampered with, and was proceeding to show wherein, when he was stopped by the judge, upon the ground " that if he desired or intended to avail himself of such parts of the books, he should either have read the same to the jury, or have given notice of his intention to the adverse party in season to enable him to offer evidence or make any necessary explanation concerning the same; and that as the course now pursued appeared to be a surprise upon the defendants' counsel after he had closed his argument, the court could not permit those portions of the books to be now read to the jury and commented upon by the counsel for the plaintiff, without affording to the defendant an opportunity to submit to the jury any competent evidence and explanations relative thereto." The counsel for the plaintiff continuing to claim the right to read said portions of the books, and to comment thereon, the counsel for the defendants expressed a wish to offer such evidence and explanations, and was allowed by the court to do so; and the like privilege was allowed to the plaintiff's counsel if he desired it. The defendants' counsel thereupon recalled the witness first above mentioned, and examined him concerning the portions of the books so referred to by the plaintiff's counsel; but declined making any remarks to the jury. The plaintiff's counsel then, without offering further evidence, proceeded with and finished his argument.

In his charge the presiding judge instructed the jury, " upon the question of the insolvency of the plaintiff's insolvent at the

time of the alleged fraudulent sale, that in order to avoid a sale made as contemplated. under *Sts.* 1838, *c.* 163, and 1841, *c.* 124, by an insolvent, with intent to prefer a preëxisting debt, &c., the assignee seeking to avoid it must show affirmatively to the jury, and to their satisfaction, that the insolvent, at the time of making the sale, was in fact insolvent, and in fact intended to prefer the defendants as preëxisting creditors."

It appeared upon the trial, that at the time of the sale of said goods to the defendants the debtor was engaged in carrying on the business of manufacturing other similar goods; and evidence was produced tending to show "that he and the defendants, and other parties with whom he was dealing, felt confident that the business was very valuable, and would, if continued, prove very advantageous to the manufacturer and afford him large profits; that at the time of said sale the debtor had on hand a large amount of unfinished goods which he desired to complete and get into the market as soon as possible, and for that purpose desired to raise some present available cash means; that in order to procure such means he applied to the defendants, and offered to sell them the goods sued for; that they accepted his offer, and paid him therefor by giving him credit for a smaller amount, in which he was indebted to them, and by two promissory notes."

The judge instructed the jury, "that if the sale was made in good faith by the debtor, and with the intent solely to obtain means for the continued prosecution of his business, and with the intention and expectation that he would be able to do so, and with no intent or purpose whatever on his part to give any preference to a preëxisting creditor, the payment of the amount due to the defendants, being in such case merely incidental to the principal and real object of the parties in the transaction, was not such a preference of a preëxisting creditor as would be sufficient in law to invalidate the sale and thereby enable the assignee of the vendor to recover of the purchaser the value of the goods."

*M. G. Cobb,* for the plaintiff, contended that the books were in the case, and the reading of them had been waived; and that

the instructions were erroneous in requiring the plaintiff to prove that the debtor was actually insolvent, when it was sufficient to prove that he had no reasonable cause to believe himself solvent; and in holding that an intent to secure a preëxisting creditor was not within the statute.

*L. Marrett,* for the defendants.

DEWEY, J. Objections to the introduction of testimony, depending upon the time at which it was admitted, are not a subject of exceptions. In the present case, the rights of the defendants would seem to have required the departure from the ordinary order of introducing evidence, the contents of the book not having been made known or offered to the jury until the closing argument for the plaintiff.

The instruction to the jury, that the plaintiff must show to the satisfaction of the jury that the party whose conveyance was sought to be avoided was in fact insolvent, was correct. Of course we are to understand "insolvency" in its legal sense.

The further instruction, that the plaintiff must show affirmatively that the debtor in fact intended to prefer the defendants as preëxisting creditors, was also correct. By such ruling the nature and character of the evidence which would be required to show this fact was not at all limited, nor were the jury at all restricted from inferring the fact of intention to prefer from evidence of his known insolvency and other circumstances confirmatory of such a purpose.

The last instruction objected to is that in reference to the sale being made in the course of business, in good faith, in the full expectation that the vendor would continue in business, and with no intent on his part to give any preference to a preëxisting creditor. We see no legal objection to this instruction; or to the ruling that, under such circumstances as were stated, the application of a part of the proceeds of the sale to the payment of a preëxisting debt would not vitiate the sale.

*Exceptions overruled.*